IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY T. SAVAGE, | Civ. No. 04-6196-AA |
| Plaintiff, | ORDER OF REMAND |
| v. | |
| HARRY ALLEN, | |
| Defendant. | |

AIKEN, Judge:

On June 22, 2004, defendant filed a notice of removal pursuant to 28 U.S.C. § 1441, on grounds that plaintiff's complaint brought in small claims court for damages sustained in a boat collision invoked federal admiralty jurisdiction. See Savage v. Allen, 04-CV-0319. On February 10, 2004, plaintiff moves for an order dismissing this action as improperly removed or on grounds of forum non conveniens. Plaintiff's motion is granted, and the case is remanded to state court.

Under 28 U.S.C. § 1446(b), a defendant seeking to remove a

1    - ORDER OF REMAND

civil action to federal court must file a notice of removal within thirty days after receipt of the complaint. Here, plaintiff's filed his case in small claims court on May 27, and defendant filed his notice of removal on June 22, 2004. However, § 1446 also requires the defendant to attach all pleading served on defendant and all orders issued by the state court. 28 U.S.C. § 1446(a) (defendant shall file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant . . . ."). Defendant failed to attach his Answer and Counterclaim filed in state court on June 9, 2004, or a notice of hearing dated June 10, 2004 that scheduled a hearing in this matter at 8:30 a.m. on June 22, 2004, the date defendant filed his notice of removal. See Motion to Dismiss, Ex. 1, pp. 3-4. Defendant failed to inform the court that the state small claims court judge had rendered judgment in favor of plaintiff on June 22, and that the judgment was filed on June 23, 2004. Id. pp. 5-6. Thus, I find that defendant did not comply with § 1446 when removing this action.

Defendant maintains that plaintiff's motion is untimely, because it was not filed within thirty days of the notice of removal.[1] However, defendant did not comply with the removal statute in his notice. Moreover, defendant waived his right to removal by defendant against plaintiff's action in small claims

---

[1]Defendant's argument is rather curious given his response to plaintiff's motion was approximately six weeks late, with no extension of time sought for his late response.

2    - ORDER OF REMAND

court. "A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994). Here, defendant filed and answer and counterclaim and appeared before the small claim court judge and argued his case. No court filings indicate that defendant raised the issue of federal court jurisdiction. Regardless, for the reasons below, I do not find that plaintiff motion's is barred.

First, I agree with plaintiff that the judgment rendered in small claims court remains valid. Removal of a case from state court is not effectuated until the defendant filed the notice of removal in the appropriate state court. 28 U.S.C. § 1446(d) (filing a copy of the notice of removal in state court "shall effect the removal"). Defendant did not file the notice of removal in state court until June 24, 2004, one day after the final judgment was filed. Therefore, removal was not effectuated until June 24, 2004, and the judgment remains in full force and effect. Id. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

Second, even if the court were to consider the claims and

defenses alleged, I find that the doctrines of claim and issue preclusion prevent the court from reconsidering the issues decided by the small claims court judge. Defendant nevertheless argues that the state court judge rendered his opinion based on ex parte contact with an expert. However, given that the state court judgment is final, review of that decision by this court is a de facto appeal of a state court decision and prohibited under the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983). Under Rooker-Feldman, federal district courts are barred "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

For all of these reasons, plaintiff's Motion to Dismiss (doc. 6) is GRANTED, although the court orders remand of the case rather than dismissal. The case is HEREBY REMANDED to the Circuit Court for the State of Oregon, County of Curry. Plaintiff is awarded his costs in seeking dismissal/remand, and shall file a bill of costs within ten days.

IT IS SO ORDERED.

Dated this 12 day of May, 2005.

_____
Ann Aiken
United States District Judge